UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSE CHAVEZ GOMEZ,

                        Petitioner,

v.

WILLIAM P. BARR, Attorney General of the United States, et al.,

                        Respondents.

Case # 19-CV-6841-FPG

DECISION AND ORDER

## BACKGROUND

*Pro se* petitioner Jose Chavez Gomez ("Gomez") filed an application for a writ of habeas corpus. ECF No. 1. He claimed that his continued detention at the Buffalo Federal Detention Facility in the custody of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement is unconstitutional. Gomez also filed a *pro se* petition for review along with a motion for stay of removal in the Second Circuit Court of Appeals. *See Gomez v. Barr*, No. 18-3813 (2d Cir. Dec. 27, 2018).

On April 6, 2020, this Court entered a Decision and Order ("Order") granting, in part, Gomez's request for a writ of habeas corpus and dismissing certain Respondents. ECF No. 8. The Court's Order was predicated on Gomez's pending action before the Second Circuit. *Id.* Also on April 6, 2020, the Second Circuit denied Gomez's petition for review and motion for stay of removal. *Gomez v. Barr*, No. 18-3813 (2d Cir. Apr. 10, 2020). On April 10, 2020, the remaining Respondent (the "Government"), moved the Court to vacate the Order and dismiss this action as moot. ECF No. 10. On April 13, 2020, Respondent notified the Court that Gomez had been removed to Mexico pursuant to the final order of removal. ECF No. 11.

For the reasons set forth below, the Government's Motion is GRANTED, this matter is dismissed as moot and the Court's Order, ECF No. 8, is vacated.

## DISCUSSION

"Article III, § 2, of the Constitution extends the 'judicial Power' of the United States only to 'Cases' and 'Controversies.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). Accordingly, this Court has "an obligation to assure [itself] of litigants' standing under Article III." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 340 (2006) (quotation omitted). A plaintiff must "have suffered (1) a concrete, particularized, and actual or imminent injury-in-fact (2) that is traceable to defendant's conduct and (3) likely to be redressed by a favorable decision." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (quotations omitted).

Here, Gomez seeks release from his detention by DHS or a bond hearing regarding such a release, but he has now been released from DHS custody. ECF Nos. 1, 11. "Where . . . the relief sought in the Petition—release from custody—has been granted, the Petition no longer presents a live case or controversy within the meaning of Article III, § 3 of the Constitution. Consequently, the Court must dismiss the Petition based on the absence of subject matter jurisdiction." *Placido Pelaez v. Barr*, No. 19-CV-6652, 2020 WL 95427, at *2 (W.D.N.Y. Jan. 8, 2020). Simply put, Gomez is no longer suffering from an injury that is likely to be redressed by a favorable decision of this Court and his petition is moot because he has been removed from the United States.

With respect to the Court's Order, vacatur is appropriate. This Court recognizes that a number of competing considerations weigh on a decision to vacate a prior order. *See Mfrs. Hanover Tr. Co. v. Yanakas*, 11 F.3d 381, 383–84 (2d Cir. 1993) (discussing considerations regarding the decision to vacate a district court's opinion if a case becomes moot while pending on appeal); *see also Alvarez v. Smith*, 558 U.S. 87, 94–97 (2009) (discussing whether lower court's

judgment should be vacated). Courts should be particularly cautious where "the case has become moot due to the voluntary act of the losing party." *Id.* at 383. Even if DHS's release of Gomez could be considered such a voluntary act, the Court's Order should be vacated for a reason independent of the mootness caused by Gomez's release.

The Court's Order requiring a bond hearing was predicated on Gomez's continued detention under 8 U.S.C. § 1226—as opposed to 8 U.S.C. § 1231, which governs the detention of aliens subject to a final order of removal—because his removal was not inevitable given his pending action before the Second Circuit. ECF No. 8 at 4–11. Because the Second Circuit denied Gomez's petition for review and motion for stay of removal on the same day this Court issued its Order, this Court's Order requiring a bond hearing was predicated on an inaccuracy, which should be corrected. Rather than reissuing the decision to address the implications of the Second Circuit's contemporaneous ruling, the prudent course of action is to simply vacate the Order and dismiss this matter as moot.

## CONCLUSION

For the foregoing reasons, the Petition is dismissed as moot and the Court's Order, ECF No. 8, is vacated. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: April 17, 2020
       Rochester, New York

                                            _____
                                            HON. FRANK P. GERACI, JR.
                                            Chief Judge
                                            United States District Court